UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BEELMAN TRUCK CO., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:18-cv-00122-SNLJ |
| RABEN TIRE CO, LLC., et al, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Matthew Roper's motion for summary judgment (#28). For the following reasons, that motion will be **GRANTED**.

## I. BACKGROUND

This case involves a claim for contribution by plaintiff, Beelman Truck Company, against defendant Roper for his negligent attempt at repairing one of Beelman's tractor-trailers. Not long after the repairs, the tractor-trailer was involved in an accident with non-parties Jessica Richmond and Jessica White, leading to Richmond's injuries and White's death. Richmond and the estate of White have settled with Beelman in a related case.

The theory of liability against Roper is particularly notable for one reason: Beelman says Roper should be held liable as a joint tortfeasor, in essence, for the reason of where the tractor-trailer ended up—parked on the side of the highway on southbound I-55. Beforehand, while replacing a blown tire, Roper admits he "cracked" one of the tractor-trailer's "crossmembers." Notwithstanding, the driver of the tractor-trailer,

1

Edward Fournie, elected to reenter traffic so that he could reach a truck stop a mile-or-two away to conduct further repairs. However, after talking with his dispatcher about the safety of the broken crossmember, Fournie "pulled back over at or near mile marker 29." This last decision would turn out to be calamitous.

About that same time, Richmond was also driving southbound on I-55. White was a passenger in her car. Richmond was in the passing lane (left lane) and saw Fournie's tractor-trailer parked on the righthand shoulder ahead of her. Richmond explained that she then saw another, unidentified tractor-trailer approaching her from behind in the righthand lane. That second tractor-trailer attempted to merge into the left lane, where Richmond was, to avoid Fournie's tractor-trailer. Reacting to this, Richmond "turned [her] wheel sharply to the left," lost control of her vehicle, and struck Fournie's tractor-trailer parked on the highway shoulder. One of the witnesses described how Richmond "made a quick move to the left and then [the car] turned, and it came just perpendicular to the roadway, and it headed right towards the back axle of [Fournie's] parked tractor-trailer."

Plaintiff does not deny that, at the time of the accident, the roadways were wet, Richmond was driving over the posted speed limit of 70 miles-per-hour (between 75 and 81 miles-per-hour), the tread depths of Richmond's rear tires "was significantly lower than [they] should have been," and the merging of the unidentified tractor-trailer prompted Richmond to turn sharply resulting in the loss of control of her car. Still, plaintiff says Roper's breaking of the crossmember of Fournie's tractor-trailer ultimately

2

"set in motion" the events that led to the injuries that plaintiff now seeks contribution for.[1]

## II. STANDARD OF REVIEW

Summary Judgment involves the "threshold inquiry of determining whether there is a need for trial." *Walls v. Petrohawk Properties, LP*., 812 F.3d 621, 624 (8th Cir. 2015) (*quoting Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986)). In other words, summary judgment is appropriately granted if, in viewing the record in a light most favorable to the nonmoving party, there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The movant bears the initial burden of demonstrating both the absence of a genuine issue of material fact and his or her entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once this initial burden is met, the nonmoving party must then set forth, by affidavit or other rebuttal evidence, specific facts showing that a genuine issue of material fact actually exists. *Grey v. City of Oak Grove, Mo*., 396 F.3d 1031, 1034 (8th Cir. 2005); FED. R. CIV. P. 56(e). To satisfy this burden, the nonmoving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat

---

[1] Pursuant to Local Rule 7-4.01(E), Roper says paragraphs 6, 7, 17, 18, 19, and 64 of his statement of facts should be deemed admitted because "plaintiff's responses are blanket denials with no refences to any portion of the record to support the denials." Indeed, in responding to those paragraphs, plaintiff said, simply, "denied" without further comment or citation. Mere denials such as this are insufficient and, thus, "the Court must deem [] the defendant['s] facts admitted." *Taylor v. Phillips*, 2014 WL 241441 at *3 (E.D. Mo. Jan. 22, 2014).

3

an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (*quoting Anderson*, 477 U.S. at 247-248). Thus, "when opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonably jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion to dismiss." *Id*. Moreover, even when a dispute is genuine—such that a jury could reasonably favor either side—it must also be the case that the disputed facts are material in that they "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248.

## III. ANALYSIS

Resolution of this case comes down to the issue of causation. In all negligence cases, including claims for contribution based on negligence, "Missouri courts require the plaintiff to prove the defendant's acts were both the actual and proximate cause of the plaintiff's damages." *Tharp v. St Luke's Surgicenter-Lee's Summit, LLC*., -- S.W.3d --, 2019 WL 925542 at *5 (Mo. banc Feb. 26, 2019); *see also Travelers Property Cas. Co. of America v. Manitowoc Co., Inc*., 389 S.W.3d 174, 179 (Mo. banc. 2013). "The test for actual cause asks whether the plaintiff would have been injured but for some conduct on the defendant's behalf." *Tharp*, -- S.W.3d --, 2019 WL 925542 at *5. This "but for" causation standard refers to the evaluative tool used to "exclude items that are not causal in fact." *Callahan v. Cardinal Glennon Hosp*., 863 S.W.2d 852, 865 (Mo. banc. 1993). On the other hand, "[p]roximate cause, also known as legal cause, means 'the injury must be a reasonable and probable consequence of the act or omission of the defendant.'"

*Tharp*, -- S.W.3d --, 2019 WL 925542 at *5 (quoting *Callahan*, 863 S.W.2d at 865). "Proximate cause inquires into the scope of foreseeable risk created by the defendant's act or omission." *Id*. (quoting *Nail v. Husch Blackwell Sanders, LLP*, 436 S.W.3d 556, 563 (Mo. banc 2014)). "The proximate cause requirement ensures events that are 'too far removed from the ultimate injury or damage' do not provide a basis for liability even if they are causal in fact." *Id*. (quoting *Callahan*, 863 S.W.2d at 865). Proximate causation "requires that the injury be natural and probable" as opposed to "surprising, unexpected, or freakish." *Sanders v. Ahmed*, 364 S.W.3d 195, 210 (Mo. banc 2012). The Missouri Supreme Court stresses the difference between proximate causation and cause-in-fact in this extreme way: "carried to the ridiculous, 'but for' the mother and father of the defendant conceiving the defendant and bringing him into this world, the accident would not have happened. Obviously, this is not a basis for holding the mother and father liable." *Callahan*, 863 S.W.2d at 865.

In this case, plaintiff argues

> [I]t was reasonably foreseeable that conducting a negligent repair could result in breaking the crossmember of the Beelman truck, and that such damage would prevent the safe operation of the truck on the interstate highway. As a result, the truck would need to remain parked to wait for further assistance, posing a hazard to other motorists on the roadway.

Thus, plaintiff says, Roper "set in motion" events that led to Richmond's injury and White's death. Phrased differently, it is plaintiff's contention that *but for* Roper's breaking of the crossmember, Fournie would not have ended up on the side of the road; and *but for* Fournie's decision to pull of on the side of the road, Richmond would not have had the ability to run her car into his tractor-trailer. These purely factual

5

underpinnings are largely admitted—Roper makes no serious argument that he was not part of the "but for" cause of injury here. Yet, as the Missouri Supreme Court cautions, that is not the end of the inquiry. "Proximate cause requires *something in addition* to the 'but for' causation test." *Id*. (emphasis added); *see also Harvey v. Washington*, 95 S.W.3d 93, 96 (Mo. banc 2003) (referring to *"but for"* causation as "the minimum causation because it merely proves that defendant's conduct is causally connected to the plaintiff's injury").

And that is where Roper's counter-argument comes in. As he explains it, even if his act of breaking the crossmember of the tractor-trailer led to the condition of it being parked on the shoulder of I-55, "plaintiff must still show the alleged breach"—that is, Roper's negligent breaking of the crossmember—"was not so far removed from the ultimate injury or damage so as to make the defendant's liability unreasonable." In highlighting the attenuated nature of plaintiff's liability theory, Roper explains

> Essentially, plaintiff argues that due to the damaged crossmember, Roper should have foreseen that Richmond would be exceeding the speed limit while driving on the interstate, should have foreseen that the roadway would have been wet, should have foreseen that Richmond's tires would lack a safe amount of tire tread and depth, should have foreseen that the unidentified 18-wheeler would have merged into Richmond's lane, should have foreseen that Richmond would respond by swerving, and should have foreseen that Richmond would lose control of her vehicle at that precise moment and strike the Beelman tractor-trailer parked on the shoulder of the interstate.

As Roper suggests, proximate causation is intended to absolve one of liability where the theory against them—even if factually sound under the but-for test—is otherwise so attenuated as to be deemed "unfair" punishment. *Heffernan v. Reinhold*, 73 S.W.3d 659, 664 (Mo. App. E.D. 2002).

This Court agrees with Roper that his negligent conduct of breaking the crossmember of Fournie's tractor-trailer was too far removed from the accident causing Richmond's injuries and White's death as to be considered a "natural and probable" cause of that accident. *Sanders*, 364 S.W.3d at 210. To be clear, plaintiff's theory rests not on the idea that the broken crossmember caused Fournie's tractor-trailer to lose control; rather, the theory is that the broken crossmember simply led to Fournie's tractor-trailer being stalled on the side of the road in the wrong place, at the wrong time. In other words, Roper created a condition for the accident to happen. But, "[i]f a prior and remote cause does nothing more than give rise to an occasion by which an injury is made possible, and there intervenes between that cause and the injury a distinct and unrelated cause of injury, a negligence action does not lie, even though the 'but-for' test is satisfied." *Silva v. Constr. & Abatement Servs., Inc.*, 238 S.W.3d 679, 682 (Mo. App. W.D. 2007).

That is the case here. Factors having nothing to do with Roper or the roadworthiness of Fournie's tractor-trailer came into play—Richmond's speeding, the poor maintenance of her tires with minimal tread, the wet weather conditions, and the fact that another, unidentified tractor-trailer pulled in front of her on the highway. The parties do not dispute that Richmond initially lost control of her vehicle for reasons having nothing to do with Roper or the parked tractor-trailer. Under these circumstances, the accident was not the natural and probable consequence of Roper's negligence. His negligence was too far removed from the accident, and thus proximate cause cannot be established here.

## IV. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that defendant Matthew Roper's motion for summary judgment (#28) is **GRANTED**. There being no remaining parties or causes of action pending, an order of judgement shall follow.

**IT IS FURTHER ORDERED** that all other pending motions are denied as moot.

So ordered this 16th day of October 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE